IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00209 SOM |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING DEFENDANT LUIS FERNANDO CASACA'S "MOTION FOR |
| vs. | ) ) | REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 |
| LUIS FERNANDO CASACA, | ) ) | AND SENTENCING GUIDELINE AMENDMENT 782" |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT LUIS FERNANDO CASACA'S
"MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582 AND SENTENCING GUIDELINE AMENDMENT 782"**

Defendant Luis Fernando Casaca pled guilty to the attempted possession with intent to distribute of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers. Having been sentenced in 2009, he is presently serving his prison sentence of 138 months. He now moves for a reduction in his present sentence in light of Amendment 782, a sentencing guideline amendment that took effect on November 1, 2014, and that was then made retroactively applicable to cases in which sentences had been imposed prior to that date.

Casaca is proceeding pro se. The court had previously appointed the Federal Public Defender's Office to represent Casaca with respect to the sentencing guideline issue, but that appointment was terminated at the request of the FPD's Office after it notified Casaca that it did not view him as eligible for a reduction in his sentence. See ECF Nos. 33, 34. Having

reviewed the memoranda submitted by Casaca himself as well as the United States and having determined that no oral hearing is needed, this court denies Casaca's motion because his guideline calculation is not affected by the recent guideline amendment.

As a result of Amendment 782, sentencing guideline calculations in eligible drug cases became more lenient. Amendment 782 achieved this through a two-level reduction in the offense levels listed in the drug quantity tables at § 2D1.1 and § 2D1.11 of the sentencing guidelines.  Casaca's sentencing guideline calculation, however, is not affected by Amendment 782, because the drug quantity attributed to him was so high that his guideline range remains unchanged even in the new drug quantity tables.

At the time Casaca was sentenced in 2009, this court determined that his Total Offense Level was Level 35.  This level took into account a Base Offense Level of Level 38 based on the amount of methamphetamine attributable to Casaca, and a three-level reduction from that Base Offense Level.  Base Offense Level 38 was the highest Base Offense Level in the Drug Quantity Table set forth in § 2D1.1(c)(1) of the 2008 sentencing guidelines, which were applied by the court when it sentenced Casaca in 2009. Given Casaca's criminal history, which placed him in Criminal History Category I, the advisory sentencing guideline range provided for a prison term between 168 months and 210 months.

The district court record reflects that the court then partially granted a defense request for a sentence below the guideline range and sentenced Casaca to 138 months in prison, as evidenced by the judgment.

Casaca's original Base Offense Level of Level 38 was calculated based on the determination that he was responsible for 5,548.2 grams of "ice." Under the 2008 guidelines, Level 38 applied when a defendant was accountable for 15 kilograms or more of generic methamphetamine, 1.5 kilograms or more of actual methamphetamine, or 1.5 kilograms or more of ice. The more than 5 kilograms of ice far exceeded the 1.5 kilogram threshold for ice under Base Offense Level 38.

Casaca argues that, pursuant to 18 U.S.C. § 3482(c), his guidelines should be recalculated in light of Amendment 782 and the 2014 guideline provisions. The new guideline provisions assign Base Offense Level 36, a Base Offense Level two levels below the Base Offense Level assigned to Casaca at sentencing, to the following drug quantities: 1) at least 15 but less than 45 kilograms of generic methamphetamine, (2) at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine, (3) at least 1.5 kilograms but less than 4.5 kilograms of ice, or (4) at least 30,000 kilograms but less than 90,000 kilograms of marijuana. The problem for Casaca is that he so far exceeded the kilogram thresholds under the old guidelines that his total of

3

5,548.2 grams of ice now keeps him at Base Offense Level 38 even under the amended guidelines. He cannot be viewed as entitled to the new Base Offense Level 36, because he is accountable for more than the maximum threshold of 4.5 kilograms of ice under the new Base Offense Level 36.

In <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010), the Court stated that, when guidelines are amended, the district court must begin by determining the amended guideline range that would have been applicable to the defendant "had the relevant amendment been in effect at the time of the initial sentencing." If this court had applied the 2014 amendment in sentencing Casaca, this court would have calculated the Base Offense Level to be Base Offense Level 38, given the amount of drug attributable to Casaca. Thus, under the new guidelines, Casaca would have the same Base Offense Level and the same Total Offense Level calculated at the time of sentencing. With Criminal History Category I, Casaca's guideline range would have remained at 168 to 210 months.

Although this court did not make an express finding of drug quantity at the time of sentencing, the Presentence Investigation Report, as noted above, listed specific drug quantities supporting the court's conclusion as to the Base Offense Level. Casaca did not object to that drug quantity discussion. This court now makes the supplemental factual finding, relying on the

4

PRS, that Casaca was responsible for 5,548.2 grams of ice.  With that drug amount, Casaca remains at Base Offense Level 38 even under the new guidelines, and his Total Offense Level of 35 under the new guidelines and his Criminal History Category I are unchanged.

Casaca argues that he was not responsible for more than 5 kilograms of ice.  He points out that the Indictment refers to 50 grams or more of methamphetamine, "to wit, approximately 4,792.1 grams" of methamphetamine.  He notes that the Indictment does not say that the methamphetamine was ice or actual methamphetamine. He appears to be contending that the drugs should be treated as generic methamphetamine, and that Base Offense Level 38 required 15 kilograms or more of generic methamphetamine, a threshold he did not meet.  This argument flies in the face of the detail included in the PSR, to which Casaca did not object.

In the first place, the actual language in the Indictment refers to "50 grams or more (to wit, approximately 4,792.1 grams) of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance."  The court construes the reference to 50 grams or more of "methamphetamine, its salts, isomers, and salts of its isomers" as a reference to pure or "actual" methamphetamine.  Casaca does not dispute that he was subject to a statutory minimum sentence of 10 years in custody, and that statutory minimum requires that he have been responsible

5

for at least 50 grams of actual methamphetamine. See 21 U.S.C. § 841(b)(1)(A).

In the second place, the PSR refers to a laboratory analysis providing that the recovered drugs consisted of "a total of 5,548.2 grams (net weight) of d-methamphetamine hydrochloride with a purity level ranging from 82% to 92%." Even if the entire amount were viewed as having only the lower figure of 82% purity, the 5,548.2 grams would translate into 4,549.5 grams of actual methamphetamine. Methamphetamine that is more than 80% pure is considered "ice" under the sentencing guidelines. See USSG § 2D1.1 (c) at Note (C) to Drug Quantity Table ("'Ice,' for purposes of this guideline, means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity."). Because all of the methamphetamine Casaca was responsible for had a purity level of more than 80%, all of the drug was properly considered to be ice. Casaca was responsible for more than the amount of ice needed to trigger Level 38 under either the old guidelines or the new guidelines. As noted above, Level 38 of the new guidelines applies to 4.5 kilograms or more of ice, and Casaca was responsible for more than that amount of ice according to the undisputed calculation in the PSR.

This court thus denies Casaca's motion for a reduction of his sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2015.



                          /s/ Susan Oki Mollway
                          Susan Oki Mollway
                          Chief United States District Judge

United States v. Defendant Luis Fernando Casaca; CR. NO. 09-00209 SOM, ORDER DENYING DEFENDANT LUIS FERNANDO CASACA'S "MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND SENTENCING GUIDELINE AMENDMENT 782"